IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2145-D |
| | § | NO. 3-08-CR-0361-D(02) |
| SAJJAD SHAIKH | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Sajjad Shaikh, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of conspiracy to transfer unlawfully issued identification documents in violation of 18 U.S.C. § 1028(a)(2) & (f). Punishment was assessed at six months imprisonment, 120 days of home confinement, and a two year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that: (1) his guilty plea was unknowing and involuntary; and (2) venue was not proper in the Northern District of Texas.

A.

Defendant challenges the validity of his guilty plea on the ground of ineffective assistance of counsel. More particularly, defendant alleges that his guilty plea was unknowing and involuntary

because he was misinformed by counsel as to the elements of the offense and the factual basis of the charge against him.

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding:  (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant

circumstances and the likely consequences of a plea. *Id., citing Teague v. Scott*, 60 F.3d 1167, 1170

(5th Cir. 1995).

2.

Defendant was charged in a one-count indictment with conspiring to transfer identification

documents, "namely, New Mexico Drivers Licenses and New Mexico Identification Cards, knowing

that said documents were produced without lawful authority, in the course of which transfer said

documents were transported in the United States mail[.]" (*See* Indict., Ct. 1 at 1). After initially

pleading not guilty, defendant entered into a plea agreement with the government. (*See* Gov't Resp.

App., Exh. 5). Defendant also signed a factual resume, wherein he stipulated that:

> Beginning in 2008, and continuing thereafter to on or about
> November 2008, in the Dallas Division of the Northern District of
> Texas, and elsewhere, Sajjad Shaikh knowingly and willfully
> conspired and agreed with one or more other person(s) to knowingly
> transfer drivers licenses and identification cards, knowing that said
> documents were produced by the state of New Mexico, without
> lawful authority. Mr. Shaikh assisted individuals in obtaining
> fraudulent New Mexico residency documents that were presented to
> the Motor Vehicle Division in New Mexico, and he permitted these
> individuals to list Post Office boxes under his care, custody and
> control as their addresses in paperwork submitted to the Motor
> Vehicle Division of the State of New Mexico when in fact they were
> not residents of New Mexico. The identification documents were
> transported by mail to Post Office boxes under Mr. Shaikh's care
> custody and control and were later provided to the individuals who
> had falsely claimed to the Motor Vehicle Division of the State of New
> Mexico that they were residents of New Mexico, when in fact they
> were not.

(*Id.*, Exh. 6 at 2-3). Elsewhere in the factual resume defendant was advised of the elements of the

offense and the range of punishment upon conviction. (*Id.*, Exh. 6 at 1-2).

At rearraignment, defendant waived the reading of the indictment, but testified that he

reviewed the indictment with his attorney and understood the charges against him. (*Id.*, Exh. 2 at

5). Defendant also told the judge that he read and understood the plea agreement and factual resume.

(*Id.,* Exh. 2 at 6-7, 16).  With respect to the factual resume, the judge inquired:

> THE COURT: Mr. Shaikh, before you signed the factual resume did you have an opportunity to read it carefully and discuss it with your counsel?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you feel that you understood the factual resume before you signed it?
>
> THE DEFENDANT:  Yes, sir.
>
>                     * * * *
>
> THE COURT:  Turning then to page 2, beginning on page 2 at the middle of the page and continuing onto page 3, from the top to the-- about one-third of the way down are set forth the stipulated facts. These are the facts that establish that you are in fact guilty of the offense to which you have pleaded guilty.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT: *Understanding the function of the stipulated facts, do you admit on your oath in open court that the stipulated facts are true and correct in every respect?*
>
> THE DEFENDANT: *Yes, sir.*
>
> THE COURT:  Set forth on the top of page 2 are the elements of the offense.  These are the essential elements that the government must prove by competent evidence and beyond a reasonable doubt before you can be found guilty of the offense to which you have pleaded guilty.
>
>     *Understanding the function of the essential elements, do you admit on your oath in open court that you committed the essential elements of the offense?*
>
> THE DEFENDANT: *Yes, sir.*

(*Id.*, Exh. 2 at 16-18) (emphasis added). Finally, defendant testified under oath that he understood the range of punishment for the charged offense, that he was fully satisfied with the representation and advice given by defense counsel, and that his guilty plea was not the result of any promises, threats, or coercion. (*Id.*, Exh. 2 at 6-7, 11-12). This sworn testimony carries a strong presumption of verity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

In a thinly-veiled attempt to avoid the clear language of the factual resume and his prior testimony, defendant belatedly protests that his attorney misinformed him "as to the elements of § 1028(a)(2)" and "the nature and legal basis of the charge when he plead guilty." (*See* Def. Mot. at 11). Nothing in the record supports these self-serving, conclusory assertions or provides a basis for setting aside defendant's guilty plea. This ground for relief should be overruled. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).[1]

B.

Defendant further argues that venue was not proper in the Northern District of Texas because the offense was allegedly committed in New Mexico. In his factual resume, defendant stipulated that the conspiracy took place "in the Dallas Division of the Northern District of Texas, and elsewhere[.]" (Gov't Resp. App., Exh. 6 at 2). That stipulation, standing alone, is sufficient to establish venue in this district. *See United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994) ("In cases involving

---

[1] In a related argument, defendant contends that he is actually innocent. However, a claim of actual innocence is insufficient to merit federal habeas relief absent an underlying constitutional violation. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).

conspiracy offenses, venue is proper in any district where the agreement was formed or an overt act occurred.").

Moreover, information contained in the PSR makes clear that part of the conspiracy occurred in the Dallas area. According to the probation department, "[t]he defendants transported [illegal] aliens from Dallas, Texas, and other locations in the Northern District of Texas, to New Mexico where they provided the aliens with fraudulent documentation which the aliens used to falsely represent their New Mexico residency." (Gov't Resp. App., Exh. 4 at 2, ¶ 12). Once the aliens received their fraudulent New Mexico identification documents, "defendants drove them back to Texas." (*See id.*, Exh. 4 at 2-3, ¶ 12). This ground for relief is without merit.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   January 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE